Henby A. Hudson, J.
This is an action in contract. The plaintiff has moved for an order to strike out the answer and counterclaim and for summary judgment for the relief demanded in the complaint.
The complaint alleges the making of a conditional sales contract between the parties for the sale and manufacture of certain restaurant equipment at a price of $4,927, the performance on the part of plaintiff, the attempted delivery by plaintiff and refusal of the equipment by defendant and plaintiff’s consequent damage.
The answer interposed by the defendant concedes the making of the contract, denies that the equipment was to be manufactured and makes a general denial of the other allegations of the complaint. An affirmative defense is set up alleging certain false and fraudulent statements by the plaintiff at the time of the execution of the contract to induce defendant to enter into same and also alleging that the contract could be cancelled upon certain conditions, which it is alleged took place, and the subsequent effort of the defendant to cancel the contract.
Statements or representations made with the knowledge or intention that they could not or would not be carried out can form the basis of a charge of fraud. (Community Home Improvement Co. of N. 7. v. Harris, 85 N. Y. S. 2d 824 825; Adams v. Gillig, 199 N. Y. 314.)
If a false representation is made with reference to any fact which affects the desirability of the article in the mind of the *744 person about to purchase it, it may be just as material an inducement as it would be if it related to the quality of the article offered for sale. Under such circumstances either party may consider such a collateral statement by the other, during the negotiations as a material one and if it turns out to be untrue, and to have been falsely and fraudulently made, can rely upon it to vitiate the contract provided he relied upon the same as true, and provided he would not have entered into the contract but for the statement. As a general rule, it presents a question of fact for the jury to determine whether the false statement was a material one or not. (Stuart v. Lester, 1 N. Y. S. 699.)
A person is guilty of a fraudulent misrepresentation if he makes a statement which is false and at the time he has a doubt whether it is true or if he realizes that he does not know whether it is true or false since his statement of the fact is an affirmation that he knows it to be true. (Gould v. Flato, 170 Misc. 378, 382.) The denials contained in the answer taken with the affirmative defense alleging fraud raise issues which cannot be determined summarily.
The allegations of paragraph “ 3 ” of the complaint, that the goods, wares and merchandise described were to be especially manufactured by the plaintiff, are denied in the answer and there would not appear to be, from an examination of Exhibit “A ”, any provision for their manufacture in the contract.
There also might appear to be a question of fact raised by the allegations of the separate defense and the denial thereof in the reply as to the right of the defendant to cancel the contract. These and all other questions of fact raised on the motion should await a trial. (Wonock Enterprises Corp. v. Malone, 286 App. Div. 1007; Hettinger v. Abeles, 128 N. Y. S. 2d 624, affd. 283 App. Div. 726, motion for leave to appeal denied 283 App. Div. 815.)
The motion is denied, with $10 costs. Order accordingly.