STATEWIDE FOOD CORP., Plaintiff, *v.* JOSEPH SIMPSON et al., Defendants.

Supreme Court, Trial Term, Nassau County, June 8, 1962.

*Lawrence Ratner* for plaintiff. *Florence Simpson,* defendant in person.

Joseph A. Suozzi, J. This is an action for damages for breach of a retail installment contract. The amount claimed consists of the total contract price of $960 plus attorney's collection fees of $192. The contract described the item sold as a "Zenith Ref./Freezer, Model No. RF 16 AA". It is undisputed that plaintiff delivered a refrigerator-freezer combination to defendants bearing model number RF 166AA; that plaintiff took defendants' refrigerator in trade (its trade-in value of $100 had been considered in computing the contract price of $960); that defendants have made no payment on account of the price to plaintiff; and that a demand for payment was made.

Defendant Florence Simpson testified that she had seen a refrigerator-freezer combination at a friend's home and contacted plaintiff in order to negotiate the purchase of one like it. She stated that Mr. Klein (plaintiff's president) called at her home in response to her inquiry and made the following representations: that the product was a "Zenith" refrigerator-freezer; that both the freezer and refrigerator sections of the unit would defrost automatically; that it would fit into the space in her kitchen that her old unit had occupied; that he showed her a color brochure (plaintiff's Exhibit 2) which, *inter alia,* led her to believe that he was selling her an automatically defrosting freezer. She further testified that, after having agreed to buy this product, as described by Mr. Klein, a unit was delivered which did not fit the space in her kitchen and did not contain a freezer section that defrosted automatically. She called Klein and asked him to take the unit back, but he refused.

Plaintiff testified that he never represented that the freezer defrosted automatically; that "frost-free freezer" in Exhibit

2 refers only to the refrigerator portion; that his company does not sell the "FF" model (automatically defrosting freezer) even though it is described in the brochure; that defendant received the "AA" model which is the same her friend had.

The court finds that the unit delivered to defendant was not the one she had agreed to buy and the one plaintiff had represented he was selling. It is clear from all the testimony in the case that there were two specifications essential to defendant when she agreed to make the purchase: that the freezer portion be automatically defrosting, and that the unit fit the space vacated by her old refrigerator. The freezer delivered did not meet these requirements, and this constituted a breach of warranty, orally expressed by the seller (*Chiodo* v. *Garramore*, 11 Misc 2d 743; *Adams* v. *Gillig*, 199 N. Y. 314). The mere fact that the written instrument (Plaintiff's Exhibit 1) had the designation "AA" under the heading "Model Number" does not change the express representation which the court finds plaintiff made — that the freezer was automatically defrosting. The letters "AA" in the written instrument are so scrawled that they are almost impossible to read. In any event, these letters meant nothing to defendant; she wanted a frost-free freezer, and this plaintiff represented she would receive. The written instrument must be reformed to reflect the actual understanding of the parties.

We find further that defendant rescinded the sale as soon as she discovered plaintiff's breach by calling plaintiff and asking that the unit be removed and her old refrigerator be returned. This was done almost immediately after delivery and therefore complied with the requirements of law (Personal Property Law, § 150, subd. 1, par. [d]; subds. 3, 4, 5).

Although defendant did not specifically seek rescission in her pleadings, her proof on this subject was received without objection, and the answer is therefore deemed amended to conform to the proof.

Defendant's use of the refrigerator since delivery does not bar rescission (*McGovern* v. *Flor-O-Gold Corp.*, 153 N. Y. S. 2d 935). She has offered to return it, but plaintiff has failed to pick it up.

Accordingly, the complaint is dismissed. Defendant's counterclaim is dismissed as well, for failure of proof. Plaintiff may retrieve the unit in question from defendant's home on 10 days' notice.

The foregoing constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.